IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| HENRY AKINS II, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:19-cv-00134-P-BP |
| § | |
| THE KROGER CO., § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Plaintiff's Amended Complaint (ECF No. 6) filed on January 4, 2019 by Henry Akins II ("Akins"); Defendant The Kroger Co.'s Motion to Dismiss and Brief in Support (ECF Nos. 21 and 22) filed on June 26, 2019; and Plaintiff's "Motion to Object Defendant Frivolous Motion" (ECF No. 25) filed on July 8, 2019, which the Court construes as a response to the Motion to Dismiss. This case was referred to the undersigned for pretrial management on June 26, 2019. (ECF No. 20). After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark Pittman **DISMISS** the case **without prejudice** pursuant to Federal Rule of Civil Procedure 4(m).

    **I.   BACKGROUND**

Akins alleges that The Kroger Co. ("Kroger"), a corporation incorporated in Ohio, violated the Age Discrimination in Employment Act and Title VII of the Civil Rights Act by failing to hire him because of his race, age, and gender. (ECF No. 6). Akins filed this lawsuit on December 10, 2018 and amended his Complaint on January 4, 2019. (ECF No. 1 and 6). On June 6, 2019, Akins attempted to serve Kroger by serving Lisa Koester, a member of Kroger Texas, L.P.'s human resources team in Fort Worth, Texas. (ECF No. 19, 22). Although a deputy U.S. Marshal served

Ms. Koester, this attempt did not comply with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4. On June 26, 2019, Kroger filed a motion to dismiss for failure to serve process. (ECF No. 21). The Court notified Akins of his failure to serve process and gave him twenty additional days to file proof of proper service, but he did not do so. (ECF No. 24).

## II. LEGAL STANDARD AND ANALYSIS

Rule 12(b)(5) "permits a challenge to the method of service attempted by the plaintiff, or the lack of delivery of the summons and complaint." Fed. R. Civ. P. 12(b)(5); *Neely v. Khurana*, No. 3:07-cv-1344-D, 2008 WL 938904, at *2 (N.D. Tex. Apr. 7, 2008). The plaintiff is responsible for having the summons and complaint served within ninety days of filing the complaint. Fed. R. Civ. P. 4(c)(1). If a defendant is not properly served within this time period, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see, e.g.*, *Thrasher v. City of Amarillo*, 709 F.3d 509 (5th Cir. 2013).

Federal Rule of Civil Procedure 4(h) gives plaintiffs two options for service of process on a corporation. A plaintiff can serve a corporation by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(e)(1), 4(h)(1). Texas state law provides that service of process on a foreign corporation may be accomplished by serving the president, vice president, or registered agent of the corporation. Tex. Bus. Orgs. Code § 5.201(a); Tex. Bus. Orgs. Code § 5.255(1).

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). To establish good cause, a plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). When considering an extension of time to perfect service, the court "must first determine whether good cause exists. If good cause is present, the district court *must* extend time for service. If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (citation omitted) (emphasis in original).

Here, Akins failed to effectuate service on Kroger within ninety days of filing the Complaint. Through a U.S. Marshal, Akins attempted to serve Lisa Koester, a member of the Kroger Texas, L.P. human resources team. (ECF No. 19, 22). Koester is not a president, vice president, agent, or officer of Kroger. (ECF No. 22). There is no evidence before the Court proving the contrary. Therefore, service of process on her was not proper service on Kroger. After Kroger filed a motion to dismiss for failure to serve process, the Court gave Akins twenty additional days to file proof of proper service, but Akins did not do so. (ECF No. 24). Akins also failed to prove valid service or good cause for failure to effect timely service.

### III.   RECOMMENDATION

Because the Plaintiff failed to serve Defendant as required by law, the undersigned recommends that United States District Judge Mark Pittman **DISMISS** this case **without prejudice**.

3

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

It is so **ORDERED** on August 29, 2019.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE